IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | No. 09-30021 |
|  ) | |
| STEVEN JACKSON-BEY, ) | |
|  ) | |
| Defendant. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Steven Jackson-Bey's Objection to Report and Recommendation (d/e 29) (Objection). On December 14, 2009, Jackson-Bey filed a Motion to Suppress Evidence (d/e 15) (Motion). On February 17, 2010, United States Magistrate Judge Byron G. Cudmore held an evidentiary hearing on the Motion. On March 4, 2010, Judge Cudmore entered a Report and Recommendation (d/e 28), recommending that this Court deny the Motion. Jackson-Bey now objects to the Report and Recommendation. After careful review of the evidence de novo, the Court overrules the Objection, adopts the Report and Recommendation, and denies the Motion.

1

## STATEMENT OF FACTS

The Court has carefully reviewed the record and finds that Judge Cudmore's statement of the facts in the Report and Recommendation is accurate. Report and Recommendation, at 1-11. The Court, therefore, will adopt it and not recite the facts in detail. The key facts are that on the evening of January 2, 2009, Pike County, Illinois, Deputy Sheriff Curt Williams was stationed on Interstate 72 (I-72) at mile marker 36. Williams was using a radar gun to check the speed of the passing vehicles. Williams and other law enforcement officers were on the look-out for a red minivan. The officers had received a tip that the occupants of such a van would be driving on I-72 that evening carrying illegal drugs. Some time between 12:30 a.m. and 12:45 a.m., the Defendant drove past Williams' location in a red minivan traveling at 71 miles per hour. The speed limit was 65 miles per hour. Williams followed Jackson-Bey's vehicle. Williams contacted other officers to arrange for a traffic stop of Jackson-Bey's vehicle after he passed mile marker 21. While following Jackson-Bey's vehicle, Williams observed a cigarette butt being thrown out the window and that the vehicle had a cracked taillight lens. After the cigarette butt had been discarded, Williams turned on a video camera to record the rest of the encounter.

2

Williams initiated the traffic stop when the minivan began exiting I-72 at exit 20. Pike County Deputy Sheriff Jordan Gerard joined Williams at the stop. Gerard had a trained drug-sniffing dog with him. According to the clock on the video recording, Williams approached Jackson-Bey's minivan approximately seven minutes after Williams initiated the stop. Jackson-Bey was driving the minivan, and a woman named Elizabeth Chontal was riding in the front passenger seat of the vehicle. The minivan was owned by Chontal's father. Gerard conducted the canine sniff of the minivan less than ten minutes after Williams initiated the stop. The dog alerted on the minivan. Williams told Jackson-Bey that the dog alerted. Jackson-Bey admitted smoking marijuana in the minivan earlier that day. Jackson-Bey's eyes looked bloodshot. Jackson-Bey consented to a search of the vehicle. The officers found a scale and some plastic sandwich bags, but no drugs. Williams then arrested Jackson-Bey for driving under the influence and issued him a warning citation for speeding, littering, and driving with a cracked taillight. Williams took Jackson-Bey into custody and drove him to the Pike County Jail at about 1:50 a.m.

The officers had the minivan towed pursuant to departmental policy. Deputy Gerard gave Chontal a ride to the Pike County courthouse. During

the ride, Chontal admitted having drugs on her person. She produced the drugs when she arrived at the Pike County Jail. She had $500, crack cocaine, a small amount of marijuana, and some pills on her person. Jackson-Bey told officers that the drugs belonged to him.

## ANALYSIS

Jackson-Bey seeks to suppress the drugs, his statements, and the other items found during the search of the vehicle. He claims that the initial stop violated his Fourth Amendment rights, and, therefore, all the evidence found following the illegal stop is inadmissible as the fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471 (1963).

The Court sees no evidence of any violation of Jackson-Bey's rights. As Judge Cudmore explained, Williams had probable cause to stop Jackson-Bey for the traffic violations. Report and Recommendation, at 14, citing United States v. Cashman, 216 F.3d 582, 586 (7th Cir. 2000). Law enforcement officers' subjective motives are irrelevant once they have probable cause to stop a person. Whren v. United States, 517 U.S. 806, 809-10 (1996). The ten-minute detention followed by the canine sniff was reasonable and did not implicate Fourth Amendment concerns. Illinois v. Caballes, 543 U.S. 405, 407 (2005). Once the dog alerted, the officers had

additional confirmation of the tip and, under the totality of the circumstances, had probable cause to search the vehicle and the occupants. See United States v. Clinton, 591 F.3d 968, 971 (7th Cir. 2010). Jackson-Bey also consented to the search of the vehicle. Finally, Jackson-Bey's admission that he smoked marijuana earlier in the day, combined with the officer's observation of Jackson-Bey's bloodshot eyes, provided probable cause to make the DUI arrest. The stop, search, and arrest, therefore, were legal. Chontal's subsequent admissions and production of the drugs, and Jackson-Bey's statements were not fruit of a poisonous tree.

Jackson-Bey argues that Williams could not have observed the traffic violations that he claimed provided probable cause for the initial stop. Jackson-Bey argues that the video recording did not show a lit cigarette butt being tossed from the car and did not show a cracked taillight. Williams, however, testified that he started the video after he observed the cigarette butt being thrown from the minivan. The video does not clearly show, one way or the other, whether the taillight was broken. Regardless, Jackson-Bey stated in his Memorandum in support of the Motion that he may have been driving over the speed limit. Memorandum of Law in Support of Defendant's Motion to Suppress Evidence (d/e 16), at 8. His concession

corroborates Williams' testimony that Jackson-Bey was speeding. The Court finds Williams' testimony to be credible. Williams, therefore, had probable cause to initiate the traffic stop. The stop was valid, and the officers acted reasonably thereafter. There was no violation of Jackson-Bey's Fourth Amendment rights.

The Government argues that Jackson-Bey lacked standing to challenge the admissibility of the drugs. The Court does not need to address this issue because the evidence clearly shows that no constitutional violation occurred.

THEREFORE, Defendant Steven Jackson-Bey's Objection to Report and Recommendation(d/e 29) is OVERRULED. The Court adopts the Report and Recommendation entered March 4, 2010 (d/e 28). The Defendant's Motion to Suppress Evidence (d/e 15) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: April 15, 2010

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE